UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| MARCELLO L. MAZZA,<br><br>    Plaintiff/Petitioner,<br><br>v.<br><br>SHAUNA N. GEAR,<br><br>    Defendant/Respondent. | CASE NO. 1:26-cv-173 |

**VERIFIED COMPLAINT AND PETITION**
**FOR RETURN OF THE CHILD**

Plaintiff and Petitioner Marcello L. Mazza respectfully shows this Court as follows:

**INTRODUCTION**

1. This action is brought by Marcello L. Mazza ("Mr. Mazza" or "Petitioner"), a citizen of Italy and the Netherlands and resident of Spain, to secure the return of his three-year-old daughter, Vivian Alexis Mazza ("Child"), who was, without Petitioner's consent or acquiescence, wrongfully removed from Spain and brought to the District of New Hampshire where she has been wrongfully retained by the Child's mother and Respondent, Shauna N. Gear ("Ms. Gear" or "Respondent").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention is attached hereto as **Exhibit 1**. The Hague Convention came into effect in the United States of

---

[1] Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).
[2] 22 U.S.C. §§ 9001 et seq.

- 2 -

America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Spain.

3. The objects of the Hague Convention are:

Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

*Id*.

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute. *Avendano v. Balza,* 2021 WL 82378 (1st Cir. 2021). The federal district court functions instead to determine whether a custody decision should be made in the United States or in the country of the child's habitual residence. *Díaz-Alarcón v. Flández-Marcel*, 944 F.3d 303, 305-06 (1st Cir. 2019); *Walsh v. Walsh*, 221 F.3d 204, 218 (1st Cir. 2000).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a), under the Hague Convention, and 28 U.S.C. § 1331, under federal question jurisdiction.

6. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Child and Respondent are residing at a home in the District of New Hampshire at 28 Trestle Way, Dover, New Hampshire 03820. A copy of an e-mail from Respondent to Petitioner confirming their residence at 28 Trestle Way, Dover, New Hampshire is attached hereto as **Exhibit 2**.

## STATEMENT OF FACTS

7. As noted above, Petitioner and Respondent are the parents of the Child. Petitioner and Respondent have never been married but were registered as domestic partners in Spain and the United States on February 14, 2020. A copy of Petitioner and Respondent's Civil Union Certificate with sworn translation is attached hereto as **Exhibit 3**. Prior to Respondent's wrongful retention of the Child, Petitioner and Respondent lived together at Calle Mozart 21 04C, 28008, Madrid, Spain. A copy of Petitioner and Respondent's Municipal Registration Certificate of the Municipal Registry of Inhabitants of Madrid and translation thereof are attached hereto as **Exhibit 4**.

8. On April 24, 2022, Ms. Gear gave birth to Vivian Alexis Mazza in Madrid, Spain. A copy of Vivian Alexis Mazza's birth certificate is attached hereto as **Exhibit 5**.

9. Until the date of the separation between Mr. Mazza and Ms. Gear, as detailed below, Mr. Mazza and Ms. Gear and the Child lived together at their familiar residence at Calle Mozart 21 04C, 28008, Madrid, Spain. *See* **Exhibit 4**. In total, Mr. Mazza and Ms. Gear lived together in Spain for approximately four years.

10. The Child attended school at La Casa del Rio – Miriam in Madrid, Spain from 2023-2025. A copy of a certified letter from the school and a translation are attached hereto as **Exhibit 6**. Petitioner had also enrolled the Child at Fernandez Moratin Public Preschool and Elementary School in Madrid, Spain for the 2025-2026 academic year prior to Petitioner's wrongful retention of the Child. A copy of a certified letter from the school and a translation are attached hereto as **Exhibit 7**.

11. In June 2024, Mr. Mazza and Ms. Gear separated. After the separation, Mr. Mazza continued to exercise his parental rights and maintained his relationship with the Child.

At the time of Mr. Mazza and Ms. Gear's separation, they signed a notarized co-parenting agreement concerning the Child providing for joint legal custody and decision-making, equal parenting time, schooling and parenting time in both the United States and Spain, and detailed parenting and travel schedules through 2028. The agreement is attached hereto as **Exhibit 8**.

12. The agreement outlines Petitioner's grant of conditional consent for Respondent to reside with the Child temporarily in Massachusetts. Such consent was strictly conditioned on Respondent's full compliance with the terms of the agreement and detailed schedule contained therein, including the agreed upon return schedule and condition that the Child spend substantial, defined time residing in Spain. *See* **Exhibit 8**. The agreement further reflects Petitioner's and Respondent's intentions to implement joint legal custody and shared decision making. *See id*.

13. Consistent with Petitioner's ongoing exercise of his parental rights and responsibilities, he has continuously supported the Child financially and has paid substantial expenses related to the care of the Child since Respondent's wrongful retention began.

14. From June 2024 until March 2025, the Child spent limited time in Massachusetts with Respondent while continuing to habitually reside in Madrid, Spain. From September to November of 2024, the Child visited Respondent in Massachusetts. During this time, Petitioner continued to be actively involved in the Child's life, and in November 2024, Petitioner travelled to Boston to have fourteen (14) overnights with the Child. Upon the Child's return to Spain in November of 2024, she attended school in Spain while Petitioner acted as the Child's primary caretaker. A copy of the affidavit of a Concierge of the Habitual Residence of the Child and a translation thereof are attached hereto as **Exhibit 9**.

15. On November 20, 2024, the Court of First Instance No. 66 of Madrid issued a decree establishing jurisdiction of the Spanish courts to determine custody of the Child. A copy of the Court's decree with a sworn translation is attached hereto as **Exhibit 10**.

16. On March 9, 2025, the Child travelled from Spain to the United States for a scheduled three-month stay with Respondent, with Respondent agreeing the Child would return to Spain on July 27, 2025. March 9, 2025, was the last time the Child was in Spain. A copy of Respondent's e-mail to Petitioner outlining this agreement is attached hereto as **Exhibit 11**.

17. In April 2025, Petitioner travelled to the United States to exercise his parenting rights and spent six overnights with the Child in Boston. A copy of Respondent's e-mail confirming Petitioner's visit is attached hereto as **Exhibit 12**.

18. Despite Petitioner and Respondent's agreement, on July 27, 2025, the Child was not returned to Spain, beginning Respondent's wrongful retention of the Child in the United States. After wrongfully retaining the Child in the United States, Respondent relocated the Child from Massachusetts to New Hampshire without providing Petitioner with an updated address of residence. Respondent then enrolled the Child in school in New Hampshire without Petitioner's consent. During this time, Petitioner also becomes aware that Respondent and Child are living with an adult male, whose identity not initially disclosed to Petitioner. This adult male, whose last name is still unknown to Petitioner, upon information and belief is Respondent's boyfriend.

19. After Respondent began wrongfully retaining the Child in the United States, Petitioner promptly objected to such retention and repeatedly requested that Respondent comply with the written agreement outlined in **Exhibit 8** and facilitate the Child's return to Spain. Petitioner also promptly pursued administrative and judicial remedies in Spain before ultimately filing a Petition through the Hague Convention Central Authority. Petitioner has repeatedly

sought to enter into reasonable interim agreements and/or to resolve this dispute through mediation, but Respondent has thwarted every attempt at resolution.

20. Respondent rejected participating in international mediation at Penn State University, a program recommended by the United States Central Authority, claiming that "[they] are not familiar with local laws." Respondent has also repeatedly rejected Petitioner's attempts to enter interim arrangements and unjustifiably required that Petitioner have no contact with the Child's school in the United States and limited Petitioner's parenting access to supervised visits only. **Exhibit 17.**

21. On September 3, 2025, the Spanish Central Authority of the Hague Convention accepted the Wrongful Retention/Relocation and Return Petition of the Child, filed by Petitioner. A copy of that Petition with a sworn translation is attached hereto as **Exhibit 13**.

22. Then on November 4, 2025, the Court of First Instance No. 66 of Madrid scheduled a hearing on Respondent's wrongful relocation and retention of the Child for January 27, 2026. A copy of that scheduling order and a sworn translation is attached hereto as **Exhibit 14**.

23. That hearing was rescheduled to February 18, 2026, so that the Court could respond to several procedural motions filed by Respondent. On February 18, the Court dismissed all of the motions filed by Respondent and ruled that Spain has jurisdiction to determine the wrongful retention and relocation of the Child and to determine the appropriate custody of the Child, pending an Order of Return be granted in the United States. The opinion further ruled that the Child's habitual residence was in Spain until her removal to the United States. A copy of the Court's order and a sworn translation is attached hereto as **Exhibit 15**.

24. Upon information and belief, the Child is currently being kept in the company of Respondent, her mother and her boyfriend, at 28 Trestle Way, Dover, New Hampshire 03820.

25. Since wrongfully relocating and retaining the Child in New Hampshire, Respondent has interfered in Petitioner's attempts to exercise his parental rights, including the insistence that any visits between Petitioner and the Child in the U.S. be supervised in a public setting.

**WRONGFUL RETENTION OF THE CHILD BY RESPONDENT:
CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION**

26. As set forth above, on or about July 27, 2025, Respondent wrongfully retained the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the state of New Hampshire, United States, in violation of Article 3 and despite Petitioner's efforts to have the Child returned to Spain.

27. Petitioner has never acquiesced or consented to the indefinite retention of the Child in the United States.

28. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

> (a) It is in violation of Petitioner's rights of custody as established by Spanish law. A copy of Articles 108, 154, 156, 158, 159 and 160 of the Spanish Civil Code is attached hereto as **Exhibit 16**. Specifically, Respondent's removal and retention of the Child is in violation of Petitioner's right as a physical custodian to determine the Child's place of residence. *See* Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

    (b)    At the time of the Child's removal from Spain, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights; and

    (c)    The Child was habitually residing with Petitioner in Spain within the meaning of Article 3 of the Convention immediately before her removal and retention by Respondent, as found by the Spanish Court. *See* **Exhibit 15**.

29.    Respondent is presently wrongfully retaining the Child in the State of New Hampshire, County of Strafford.

30.    Upon information and belief, Respondent is keeping the child at a residence inhabited by herself and her boyfriend, 28 Trestle Way, Dover, New Hampshire 03820.

31.    The child is now three years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to the Child.

32.    This Petition is filed less than one year from Respondent's wrongful retention of the Child. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Child.

## PROVISIONAL REMEDY

33.    Petitioner requests that this Court issue an immediate order restraining Respondent from removing the Child from the jurisdiction of this Court. 22 U.S.C. § 9004(a).

**FEES AND COSTS**

34. Pursuant to 22 U.S.C. § 9007(b)(3), in an action brought under 22 U.S.C. § 9003 where the return of a child is ordered, the Court shall require the responding party to pay necessary expenses incurred by or on behalf of the Petitioner.

35. To date, Petitioner has incurred attorneys' fees and costs related to his Spanish representation, and court costs associated with his United States representation as a result of the wrongful retention of the Child by Respondent.

36. Petitioner respectfully requests that this Court award him all costs and fees, including but not limited to court costs, attorneys' fees, translation and authentication expenses, and transportation costs related to the return of the Child.

**RELIEF REQUESTED**

**WHEREFORE,** Petitioner Marcello L. Mazza respectfully prays for the following relief from this Honorable Court:

(a) A final order stating the Child shall be returned to Spain so the Spanish Court of jurisdiction can make a final determination of wrongful removal, wrongful retention, and custody;

(b) A temporary order prohibiting the removal of the Child from the jurisdiction of this Court pending the issuance of a final order;

(c) An order requiring that Respondent pay Petitioner's expenses and costs under 22 U.S.C. § 9007(b)(3), with such expenses and costs to be resolved via post-judgment motion; and

(d) For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted,

MARCELLO L. MAZZA

By his Attorneys,

McLANE MIDDLETON
 PROFESSIONAL ASSOCIATION

Date: March 6, 2026   By: /s/ David C. Tencza
David C. Tencza, NH Bar No. 18047
Isabell G. Plotsker, NH Bar No. 280446
900 Elm Street, P.O. Box 326
Manchester, New Hampshire 03105-0326
Telephone: 603.625.6464
david.tencza@mclane.com
isabell.plotsker@mclane.com

**VERIFICATION**

I am one of the attorneys for Petitioner, Marcello L. Mazza. I make this verification on behalf of Petitioner, because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between McLane Middleton, Professional Association and Mr. Mazza except for the matters that are stated in it on information and belief and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of New Hampshire that the foregoing is true and correct to the best of my knowledge.

March 6, 2026                                                                  /S/ David. Tencza
Date                                                                                  David C. Tencza, Esq.

135999\30537726.v1